UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADELINE ENID OTERO-FELICIANO,

    Plaintiff,

v.                                          Case No: 6:19-cv-1512-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**[1]

Plaintiff Madeline Enid Otero-Feliciano appeals from a final decision of Defendant the Commissioner of Social Security, denying her application for Supplemental Security Income and disability insurance benefits (Docs. 1, 18). The parties consented to referral of this case to the magistrate and on November 8, 2019 the district judge referred the case to the magistrate to conduct all proceedings and order the entry of final judgment (Doc. 16).

## **Background**

When the administrative hearing in this case was held, Plaintiff was 29 years old, she had a high school education, and she had not been gainfully employed since 2015 (Tr. 17, 26). She was 66 inches tall, and weighed 327 pounds, giving her a body mass index of 52.77 (Tr. 22). Plaintiff filed for benefits in 2016, her applications were denied, and she requested a hearing before an administrative law judge ("ALJ") (Tr. 15). Following the hearing the ALJ concluded that Plaintiff had not been disabled through

---

[1] Magistrate Judge Thomas B. Smith substituting for Magistrate Judge Gregory J. Kelly.

1

July 23, 2018 (Tr. 27). An administrative appeals judge affirmed the ALJ's decision (Tr. 2-3). Plaintiff has exhausted her administrative remedies and this action was timely filed.

**The ALJ's Decision**

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by Defendant and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to Defendant. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2015 (Tr. 17). At step two, the ALJ determined that Plaintiff has the severe impairments of degenerative disc disease of the cervical spine, carpal tunnel syndrome, hypothyroidism, and obesity (Tr. 18). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

Appendix 1 (Id.). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than the full exertional range of sedentary work .... The claimant can lift, carry, push and or pull ten (10) pounds occasionally. The claimant can stand and walk for about two (2) hours and sit for up to six (6) hours in an 8-hour workday with normal breaks. The claimant could occasionally climb stairs but she should never climb ladders or scaffolds. The claimant can also occasionally stoop, kneel, crouch and crawl. The claimant's handling and reaching in all directions, including overhead, would be limited to no more than frequently. She must avoid exposure to vibration, unprotected heights and hazardous machinery. Due to pain, the claimant is limited to performing tasks that are simple and routine in nature. The claimant would require a one-minute break every half-hour. Although the claimant speaks simple English, she would be limited to occupations that do not require frequent verbal communication including telephone communication.

(Tr. 18-19). At step four, the ALJ found Plaintiff unable to perform her past relevant work (Tr. 25). But, the ALJ ultimately concluded at step five that there are jobs in the national economy—like document preparer, addresser, and circuit board assembler—that Plaintiff could perform and therefore, she was not disabled (Tr. 27).

## Standard of Review

The ALJ's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982); Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the ALJ's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of

fact, and even if the reviewer finds that the evidence preponderates against the ALJ's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## Discussion

The regulation for obesity in effect when the ALJ heard this case, SSR 02-01p provided that: "The ability to manipulate may be affected by the presence of adipose (fatty) tissue in the hands and fingers. The ability to tolerate extreme heat, humidity, or hazards may also be affected." In this case non-examining doctor David Guttman M.D. reviewed Plaintiff's records and opined that she should avoid concentrated exposure to extreme heat (Tr. 134). Plaintiff contends that the ALJ committed reversible error by failing to account for Dr. Guttman's environmental limitation when formulating Plaintiff's RFC (Doc. 18 at 13-15). Plaintiff also complains that although the ALJ considered SSR 02-1p, the ALJ failed to explain with particularity why he disregarded Dr. Guttman's limitation on concentrated exposure to extreme heat (Id.).

The ALJ concurred "with state agency consultant [Dr. Guttman] that the claimant has a reduced [RFC]." (Tr. 24). The ALJ noted that Dr. Guttman had opined that Plaintiff was able to work at the light exertional range with some exceptions, but the ALJ ultimately found: "Although the discussed records support a finding of a reduced

4

performance, it simultaneously demonstrates greater restrictions are much more appropriate. Therefore, I have accorded Dr. Guttman's opinion partial weight." (Tr. 25).

None of the jobs the ALJ found Plaintiff capable of performing involved exposure to extreme heat. See, DOT listings for document preparer (DOT #259.587-018), addresser (DOT #209.587-010), and circuit board assembler (DOT #726.684-110). 1991 WL 672349; 1991 WL 671797; 1991 WL 679616.

Additionally, Plaintiff was seen by Gualberto Oquendo-Roman M.D. on July 6, 2017 at which she time she denied experiencing heat intolerance (Tr. 490). She saw Dr. Oquendo-Roman again on August 1, 2017, September 5, 2017, December 19, 2017, and January 16, 2018 and each time, she denied experiencing intolerance to heat (Tr. 483, 485, 502, 505). If cited by the ALJ, this evidence would be substantial to support the repudiation of Dr. Guttman's opinion.

So, assuming arguendo that Plaintiff makes a valid point, the ALJ's error, if any, was harmless. The Eleventh Circuit has declined to remand for express findings when doing so "would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision." Sanchez v. Comm'r of Soc. Sec., 507 F. App'x 855, 856 (11th Cir. 2013)[2]; see Hunter v. Comm'r of Soc. Sec., 609 F. App'x 555, 557 (11th Cir. 2015) (citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination."). Here, given that the jobs identified and relied upon by the ALJ do not involve exposure to extreme heat, any error in the ALJ's discussion of Dr. Guttman's opinion or Plaintiff's

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

RFC was harmless. See O'Connell v. Comm'r of Soc. Sec., No. 6:18-cv-1760, 2020 WL 1492824, at *9 (M.D. Fla. Mar. 27, 2020) (any error in failing to include noise limitations was harmless because it would not have affected the outcome); see also Gupton v. Berryhill, No. 1:16-cv-174, 2017 WL 2525401, at *3 (W.D. Ky. June 9, 2017) (any error in giving great weight to opinion yet omitting findings about need to avoid concentrated exposure to extreme heat was harmless because jobs ALJ found plaintiff could perform did not require such exposure).

## Conclusion

For the reasons stated above, the final decision of the Commissioner is **AFFIRMED**, and the Clerk is directed to enter judgment for Defendant and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on April 10, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

James W. Keeter, Esq.
Post Office Box 196400
Winter Springs, Florida 32719-6400

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, Florida 33602

6

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Nadine D. Elder, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Edgardo Rodriguez-Quilichini
U.S. Administrative Law Judge
c/o Office of Hearings Operations
3505 Lake Lynda Drive
Suite 300
Orlando, Florida 32817-9801